## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

PATTIE DELVALLE, individual and on
behalf of all others similarly situated,

     Plaintiff,

v.

AMERICAN MASTER PRODUCTS,
INC., D/B/A JERRY BAKER,

     Defendant.

Case No. 2:21-cv-12985
Hon. Sean F. Cox

---

## DEFENDANT'S MOTION TO DISMISS

Defendant American Master Products, Inc., d/b/a Jerry Baker respectfully moves this Court to dismiss Plaintiff's Complaint as time-barred, with prejudice. Pursuant to Local Rule 7.1(a), Defendant's counsel certifies that on February 8 and 9, 2022, they communicated with Plaintiff's Counsel, explaining the nature of the relief sought in this Motion, and seeking concurrence in that relief. Plaintiff's counsel did not concur in the relief sought.

Plaintiff's claim for invasion of privacy in violation of the Michigan Video Rental Privacy Act – as well as those claims alleged on behalf of the putative class members – are time-barred, under the applicable three-year statute of limitations, MCL § 600.5805(2). Therefore, the case should be dismissed at this time.

Respectfully submitted,

/s/ Keefe A. Brooks
Keefe A. Brooks
Julie L. Kosovec
BROOKS WILKINS SHARKEY & TURCO PLLC
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
*Attorneys for Defendant*
brooks@bwst-law.com
P31680

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

PATTIE DELVALLE, individual and on
behalf of all others similarly situated,

  Plaintiff,

v.

AMERICAN MASTER PRODUCTS,
INC., D/B/A JERRY BAKER,

  Defendant.

Case No. 2:21-cv-12985
Hon. Sean F. Cox

---

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................... ii

TABLE OF AUTHORITIES ..................................................... iii

STATEMENT OF ISSUES PRESENTED...................................... vi

STATEMENT OF CONTROLLING/MOST APPROPRIATE
AUTHORITY ...................................................................... vii

INTRODUCTION ................................................................... 1

STATEMENT OF FACTS ......................................................... 2

   A. The Parties ................................................................... 2

   B. History Of The Michigan PPPA. ...................................... 3

   C. Plaintiff Files this Putative Class Action under a Version of the PPPA
      that No Longer Exists. .................................................. 5

ARGUMENT ......................................................................... 7

I.  Plaintiff's Complaint Is Time Barred and Should Be Dismissed Pursuant
   to Rule 12(b)(6)................................................................ 7

   A. The Three-Year Limitations Period in MCL § 600.5805(2) Governs
      All Actions for "Injury to a Person," Including Invasion of Privacy
      Claims. ....................................................................... 7

   B. Plaintiff's PPPA Claim Seeks Damages for "an Injury to a Person." ............ 9

   C. Plaintiff Plainly Alleges "Injury to Person" and Invasion of Privacy in
      the Complaint............................................................... 12

   D. The "Catch-All" Six Year Limitations Period Does Not Apply. ................. 13

   E. There is No Blanket Rule that all Statutory Claims are Governed by
      the 6-Year Statute of Limitations as Plaintiff Appears to Suggest. .............. 17

II. To the Extent Plaintiff Asserts a Bare Statutory Violation, Rather Than a
   Claim for Personal Injury, Plaintiff Lacks Article III Standing And
   Dismissal Is Required Under Rule 12(b)(l). ........................................ 22

CONCLUSION .................................................................... 24

# TABLE OF AUTHORITIES

## Cases

*Arent v. Hatch,* 133 Mich. App. 700 (1984) ...............................................9

*Boelter v. Advance Mag. Publishers Inc.,* 210 F. Supp. 3d 579
(S.D.N.Y. 2016) .................................................................................10

*Boelter v. Hearst Communications, Inc.,* 269 F. Supp. 3d 172
(S.D.N.Y. 2017) ........................................................................... 14, 21

*Bufalino v. Michigan Bell Tel. Co.,* 404 F.2d 1023 (6th Cir. 1969) .......................20

*Consol. Rail Corp. v. Yashinsky,* 170 F.3d 591 (6th Cir. 1999) .............................7

*Cooper v. Team Wellness (Mental Health) Services Supervisor,* No.
18-1162, 2018 WL 7360647 (6th Cir. Oct. 11, 2018) ...........................9

*Coulter-Owens v. Time Inc.*, 695 Fed. App'x 117 ................................. 5, 12

*Dabish v. McMahon,* 818 F. App'x 423 (6th Cir. 2020) .......................................19

*Derderian v. Genesys Health Care Sys.,* 263 Mich. App. 364 (2004) .....................8

*DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.,*
246 Mich. App. 43 (2001) ............................................................. 15-17

*Edwards v. Hearst Communications, Inc.,* No. 15-cv-9279, 2016
WL 6651563 (S.D.N.Y. Nov. 9, 2016)....................................................14

*Eichenberger v. ESPN, Inc.,* 876 F.3d 979 (9th Cir. 2017) ...................................11

*Garden City Osteopathic Hosp. v. Hbe Corp.,* 55 F.3d 1126 (6th Cir. 1995)...........9

*Garg v. Macomb Cty. Cmty. Mental Health Servs.,* 472 Mich. 263 (2005)............18

*Green v. Lansing Automakers Fed. Credit Union,* No. 342373, 2019
WL 3812108 (Mich. App. Aug. 13, 2019) ............................................8

*Halaburda v. Bauer Pub. Co., LP,* No. 12-CV-12831, 2013 WL 4012827
(E.D. Mich. Aug. 6, 2013) ............................................................ 10, 12

*Herrin v. Dunham,* 481 F. Supp. 2d 854 (E.D. Mich. 2007)...................................8

*In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*,
765 F.3d 917 (6th Cir. 2014)...............................................................18

*In re Vizio, Inc. Consumer Privacy Litig.,* 238 F. Supp. 3d 1204
    (C.D. Cal. 2017) ...................................................................................11

*Lawsuit Financial, LLC v. Curry,* 261 Mich. App. 579 (2004)................................20

*Lin v. Crain Comm'ns, Inc.*, No. 19-11889, 2020 WL 248445
    (E.D. Mich. Jan. 16, 2020)............................................................... 3, 12

*Loc. 1064, RWDSU AFL-CIO v. Ernst & Young,* 449 Mich. 322 (1995) .......... 8, 14

*Magee v. Daimler Ch1ysler Corp.,* 472 Mich. 108 (2005).....................................20

*Major v. Vill. of Newberry*, 316 Mich. App. 527 (2016).........................................19

*Marks v. Hulstrom,* No. 294453, 2010 WL 2134303
    (Mich. App. May 27, 2010) .................................................................19

*Marshall v. Chrysler Corp.,* 378 F. Supp. 94 (E.D. Mich. 1974)............................20

*McCree v. Cont'l Mgmt., LLC,* No. 351171, 2021 WL 1050115
    (Mich. App. Mar. 18, 2021).................................................................18

*Mcintyre v. Ogemaw County Bd. of Commissioners,* 15-CV-12214, 2016
    WL 4917537  (E.D. Mich. Sept. 15, 2016)............................................9

*Moeller v. Am. Media, Inc.,* 235 F. Supp. 3d 868 (E.D. Mich. 2017) .............. 11-12

*National Sand, Inc. v. Nagel Construction, Inc.,*
    182 Mich. App. 327 (1990) ........................................................ 8, 14-15

*New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP,*
    336 F.3d 495 (6th Cir. 2003) ................................................................7

*Palmer Park Square, LLC v. Scottsdale Ins. Co.,* 878 F.3d 530
    (6th Cir. 2017)............................................................................. 15-17

*Perlin v. Time Inc.,* 237 F. Supp. 3d 623 (E.D. Mich. 2017) .................................10

*Perry v. Cable News Network, Inc.,* 854 F.3d 1336 (11th Cir. 2017) ....................11

*Pierzchala v. MGM Grand Detroit, LLC*, No. 302874, 2013 WL 2662881
    (Mich. App. June 13, 2013) .................................................................20

*Rapp v. Putman,* 644 F. App'x 621 (6th Cir. 2016)................................................20

*Rhule v. Armstrong,* 384 Mich. 709 (1971) ...........................................................19

*Spokeo v. Robins,* 578 U.S. 330 (2016) ............................................................ 22-23

*Stevens v. Tenn. Valley Auth.,* 712 F.2d 1047 (6th Cir. 1983)................................20

*Stringer v. Bd. of Trustees of Sparrow Hospital*, 62 Mich. App. 696 (1975) ..........9

*Tocarchick v. UAW Region 1,* No. 15-CV11329, 2015 WL 5026149
    (E.D. Mich. Aug. 21, 2015) ...............................................................................7

*TransUnion LLC v. Ramirez,* 141 S. Ct. 2190 (2021) ..................................... 22-23

*Ward v. Nat'l Patient Acct. Servs. Sols., Inc.,* 9 F.4th 357 (6th Cir. 2021) .............11

*Yershov v. Gannet Satellite Info. Network, Inc.,* 204 F. Supp. 3d 353
    (D. Mass. 2016)................................................................................................12

**Statutes**

18 U.S.C. § 2710 .....................................................................................................11
42 U.S.C. § 1983 ................................................................................................. 8, 20
MCL § 445.1712 ................................................................................................... 3-4
MCL § 445.1715 ............................................................................................ 4-5, 10
MCL § 570.151 ........................................................................................................16
MCL § 600.2919 .....................................................................................................20
MCL § 600.2940 .....................................................................................................18
MCL § 600.5805 ................................................................................................. *passim*
MCL § 600.5813 ............................................................................................... 14-16
MCL § 750.147 ........................................................................................................19

**Other Authorities**

Elliot-Larsen Civil Rights Act ........................................................................ 18, 19

*Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section,
    H.B. No. 5331, Jan. 20, 1989............................................................................3

*Privacy: Sales, Rentals of Videos, etc.,* Senate Fiscal Agency, Bill Analysis,
    H.B. No. 4694, Nov. 10, 1989 ........................................................................10

**Rules**

Fed. R. Civ. P. 12 .............................................................................................. 7, 22

## STATEMENT OF ISSUES PRESENTED

1. Whether Plaintiff's claim under the Michigan Preservation of Personal Privacy Act ("PPPA") is time-barred by the three-year statute of limitations in MCL § 600.5805(2) because the PPPA claim is for an injury to a person, just like other traditionally recognized common law invasion of privacy claims?

Defendant Answers: YES.


2. Is Plaintiff pleading a bare statutory violation of the PPPA without any allegations of suffering actual damages, and therefore unable to establish standing under Article III of the U.S. Constitution?

Defendant  Answers: YES.

## STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY

The controlling  authority for this Motion includes:

1.   MCL § 600.5805(2)

2.   *Loc. 1064,  RWDSU AFL-CIO v. Ernst & Young,* 535 N.W.2d  187  (Mich. 1995)

3.   *Green v. Lansing  Automakers Fed. Credit Union,* No.  342373,  2019  WL 3812108 (Mich. Ct. App. Aug. 13, 2019)

4.   *Arent v. Hatch,* 133 Mich. App. 700, 349 N.W.2d 536 (1984)

5.   *Rhule v. Armstrong,* 384 Mich. 709 (Mich. 1971)

6.   *McCree v. Cont'l Mgmt., LLC,* No. 351171,  2021  WL 1050115  (Mich. Ct. App. Mar. 18, 2021)

7.   *Garg v. Macomb Cty. Cmty. Mental Health Servs.,* 696 N.W.2d 646 (Mich. 2005)

8.   *TransUnion LLC v. Ramirez,* 141 S.Ct. 2190 (2021)

## INTRODUCTION

This action is time barred. Under Michigan law, ***any*** claim alleging injury to a person must be brought within three years of the event giving rise to the claim. MCL § 600.5805(2). Plaintiff seeks to bring a putative class action against Defendant American Master Products, Inc., d/b/a Jerry Baker ("Jerry Baker"), under Michigan's Preservation of Personal Privacy Act (the "PPPA") claiming that she suffered a traditional personal injury - namely, a purported invasion of privacy - because her "private reading information" was allegedly disclosed by Jerry Baker at some point prior to ***July 30, 2016***.[1] According to Plaintiff, the alleged invasion of her privacy amounts to a violation of the pre-July 31, 2016 version of the PPPA, which included a $5,000 statutory penalty that the Michigan legislature has since removed more than a half a decade ago.

Because the Plaintiff asserts a claim for personal injury that codifies the common law tort for invasion of privacy, it is governed by the three-year statute of limitations in MCL § 600.5805(2), as even Plaintiff's counsel has conceded in prior PPPA cases. Any claim under the pre-July 31, 2016 version of the PPPA therefore expired on July 30, 2019. Plaintiff simply waited too long when she filed this claim on December 22, 2021. Her complaint should be dismissed with

---

[1] Nowhere in the Complaint does Plaintiff allege when the violation allegedly took place.

prejudice.

Alternatively, to the extent Plaintiff alleges she can escape Michigan's three-year statute of limitations because she did not suffer a personal injury traditionally recognized in the common law, then she lacks Article III standing. To have Article III standing, a plaintiff must have suffered an injury that has a close personal relationship to a harm recognized in common law. Plaintiff cannot have it both ways. If, to avoid the statute of limitations, Plaintiff attempts to argue her damages do not stem from personal injury to traditionally-recognized privacy rights, then she has no basis to claim Article III standing. If she argues her damages are privacy-related, then as stated above, the three-year statute of limitations in § 600.5805(2) applies.

Either way, the Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

### A.  The Parties

Defendant Jerry Baker is a family owned, third-generation company founded in 1987 which publishes books and other helpful materials relating to gardening, health and home tips.

Plaintiff alleges she purchased the book *Grandma Putt's Green Thumb Magic* from Jerry Baker sometime prior to July 30, 2016. Plaintiff further alleges Jerry Baker invaded her privacy by purportedly disclosing to third parties, at some

2

point prior to July 30, 2016, her name, address and the fact that she purchased *Grandma Putt's Green Thumb Magic*. Complaint ("Compl., ¶ 9). (How much "prior to July 30, 2016" is unknown as it is nowhere stated in the Complaint.

## B.   History Of The Michigan PPPA.

The Michigan legislature passed the PPPA in 1988 to address concerns related to "unwarranted invasion of privacy." *Lin v. Crain Comm'ns, Inc.*, No. 19-11889, 2020 WL 248445 at *2 (E.D. Mich. Jan. 16 2020) (quoting *Privacy: Sales, Rentals of Videos, etc*., House Legislative Analysis Section, H.B. No. 5331, Jan. 20, 1989 (attached to complaint as Ex. B); *see also* 1988 Mich. Pub. Act No. 378 (PPPA is "[a]n act to *preserve personal privacy* with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act" (emphasis supplied)).

The PPPA was passed in the wake of a federal statute, the "Video Privacy Protection Act," which was enacted following the disclosure of Supreme Court nominee Judge Robert Bork's video rental choices in a newspaper. Michigan's law went further than the federal Act, however. In addition to video rental records, its scope includes "books or other written materials," proscribing certain "disclosures" of records or information "concerning the purchase, lease, rental, or borrowing of those materials." MCL § 445.1712 (1989).

To achieve these ends, the PPPA codifies the common law tort of invasion

of privacy in the context of disclosure of video rental and reading materials. The 1989 version of the statute (under which Plaintiff asserts her claim) provides that, subject to certain exceptions, any person:

> Engaged in the business of selling at retail, renting, or lending books or other written materials, sound recordings, or video recordings shall not disclose to any person, other than the customer a record or information concerning the purchase, lease, rental or borrowing of those materials by a customer that indicates the identity of the customer.

MCL § 445.1712 (1989).

As originally enacted, the PPPA did not authorize civil penalties for its violation. However, the Michigan legislature amended the PPPA in 1989 to permit recovery of "[a]ctual damage…or $5,000.00, whichever is greater." MCL § 445.1715(2)(a). The provision allowing a civil, monetary recovery was added so that "those harmed by illegal disclosures could obtain some recompense" and provided "the right to collect damages for harm done when details on a person's rentals or purchases are disclosed."

The Michigan statute sat on the books for nearly 30 years until plaintiffs' class action counsel started bringing class action suits against magazine publishers over "direct marketing" mailing practices.[2] The allure of class actions under the

---

[2] These class action suits attacked the publishing industry's "list rental" practice – a well-established practice (that long predates the enactment of the PPPA) involving the rental of subscriber lists to other companies so they can mail advertisements directly to consumers.

PPPA was a statutory damages provision that permitted an action for actual damages *or* $5,000 in statutory damages, whichever was greater. *Id.* § 445.1715.

Not surprisingly, the prior PPPA class action suits (filed against publishers by the same plaintiffs' lawyers here) elected to pursue the statutory damages of $5,000 per subscriber. In the wake of these potentially crippling class action lawsuits facing the already distressed publishing industry, the Michigan Legislature amended the PPPA in 2016 to "cure and clarify" the statute. Among other things, the Amendment expressly eliminated the statutory $5,000 penalty and clarified that plaintiffs must prove "actual damages" to recover under the Act. MCL § 445.1715(2). The Amendment took effect July 31, 2016. Thus, July 30, 2016 was the last day that the $5,000 statutory damages provision was in place.[3]

### C.  Plaintiff Files this Putative Class Action under a Version of the PPPA that No Longer Exists.

Over five years after the Amendment, Plaintiff filed this complaint on December 22, 2021. This case is one of many virtually identical putative class actions filed in the Eastern and Western Districts of Michigan. Plaintiff's complaint reads nearly verbatim to these dozens of other class action complaints that were filed in 2021 by the same plaintiffs' lawyers, the same ones that filed the

---

[3] The 2016 Amendment applied only prospectively, beginning on July 31, 2016, because the Amendment did not use "retroactive" language. *Coulter-Owens v. Time Inc.*, 695 Fed. App'x 117 at 121.

first round of lawsuits against publishers.[4] Plaintiff alleges that she purchased *Grandma Putt's Green Thumb Magic* from Jerry Baker. She further alleges that Jerry Baker "rented, exchanged, and/or otherwise disclosed detailed information" about her "Private Reading Information"-*i.e.*, her name, home address, and the title of the publication she purchased-to third parties without consent or notice, and that such disclosures violated the PPPA. Compl. ¶ 9. Plaintiff purports to represent a class of all persons who had their Private Reading Information disclosed to third parties by Jerry Baker without their consent during the relevant time period.

To take advantage of the $5,000 statutory penalty, meet the aggregate amount necessary for federal jurisdiction (because this putative class action is not allowed in Michigan state court), and avoid the obligation to plead and prove each class member's "actual damages," Plaintiff explicitly brings her claim under the prior version of the PPPA, which ceased to exist as of July 31, 2016. *See* Compl. at (at n. 2), ¶ 9, 72, 76-77. Plaintiff has not alleged any actual damages that fit within the current version of the PPPA.

---

[4] There are approximately thirty other cases pending in this District, all filed by the same lead plaintiffs' lawyers. In many of these cases, motions to dismiss have been filed based on similar arguments presented here. A chart of these cases is attached hereto as Exhibit A. In one of these cases, *Pratt v KSE Sportsman Media, Inc*., Case No. 1:21-cv-11404-TLL-PTM (E.D. Mich. Feb. 15, 2022), the district court issued an erroneous and non-binding opinion which misinterprets Michigan law.

## ARGUMENT

I. **Plaintiff's Complaint Is Time Barred and Should Be Dismissed Pursuant to Rule 12(b)(6).**

"[A] complaint can be dismissed as barred by the applicable statute of limitation under Fed. R. Civ. P. 12(b)(6) when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003). As a federal court sitting in diversity, this Court applies Michigan's statutes of limitations. *Consol. Rail Corp. v. Yashinsky,* 170 F.3d 591, 594 (6th Cir. 1999). Michigan federal courts routinely dismiss complaints on Rule 12(b)(6) motions where, as here, the applicable statute of limitations on a claim has run. *Tocarchick v. UAW Region 1,* No. 15-CV11329, 2015 WL 5026149, at *4 (E.D. Mich. Aug. 21, 2015).

A. **The Three-Year Limitations Period in MCL § 600.5805(2) Governs All Actions for "Injury to a Person," Including Invasion of Privacy Claims.**

MCL § 600.5805 plainly states "[a] person *shall not bring* or maintain an action to recover damages *for injuries to persons* or property unless...the action is commenced within the periods of time prescribed by this section." MCL § 600.5805(1) (emphasis added). MCL § 600.5805(2) then provides that "[e]xcept as otherwise provided in this section, the period of limitations is 3 years after the

7

time of the death or injury *for all actions* to recover damages for the death of a person *or for injury to a person* or property." *Id.*  (emphasis added).

In Michigan, therefore, all claims for "injury to a person" must be brought within three years. *Loc. 1064, RWDSU AFL-CIO v. Ernst & Young,* 449 Mich. 322, 327; 535 N.W.2d 187 (1995); *Herrin v. Dunham,* 481 F. Supp. 2d 854, 857 (E.D. Mich. 2007) (applying the three-year statute of limitations to claims under 42 U.S.C. § 1983 and observing that, "[i]n Michigan, one statute of limitations applies to all personal injury claims.").

A claim for invasion of privacy is a claim alleging an "injury to a person" within the meaning of MCL § 600.5805(2). Michigan "takes an expansive view of what constitutes 'injuries to persons,'" defining the term as "including 'invasions of rights that inhere in man as a rational being.'" *National Sand, Inc. v. Nagel Construction, Inc.,* 182 Mich. App. 327, 335; 451 N.W.2d 618, (1990).

Consistent with this broad definition of "injury to a person," Michigan courts routinely apply § 600.5805(2)' s three-year statute of limitations in cases alleging invasion of privacy. *See Green v. Lansing Automakers Fed. Credit Union,* No. 342373, 2019 WL 3812108, at *5 (Mich. Ct. App. Aug. 13, 2019) (three-year limitation period applied to invasion of privacy, unlawful intrusion claim); *Derderian v. Genesys Health Care Sys.,* 263 Mich. App. 364, 384: 689 N.W.2d 145 (2004) (three-year limitations period applied to invasion of privacy,

8

false-light claim).[5] Plaintiffs claim under the PPPA is for invasion of privacy, and

therefore § 600.5805(2)' s three-year statute of limitations applies.

### B. Plaintiff's PPPA Claim Seeks Damages for "an Injury to a Person."

To determine whether a specific claim falls under the broadly-interpreted

standard, courts look to "nature of the interest allegedly harmed." *Garden City*

*Osteopathic Hosp. v. Hbe Corp.,* 55 F.3d 1126, 1133 (6th Cir. 1995). The  "nature

and origin" of a claim determines its applicable limitations period. As the Sixth

Circuit explained, the crucial distinction between Michigan's various statutes of

limitations is the type of injury that serves as the source of the claimed damages:

"[W]hat differentiates [Michigan's statutes of limitations] is what the damages are

sought 'for'…" *Id.* In doing so, they "look beyond procedural labels to see exactly

what a party's complaint is before deciding whether it should be barred." *Stringer*

*v. Bd. of Trustees of Sparrow Hospital*, 62 Mich. App. 696; 233 NW2d 698 (1975).

Here, the PPPA "was created by [the Michigan] legislature to protect

individual consumers from certain disclosures of their personal information."

---

[5] See *also Arent v. Hatch,* 133 Mich. App. 700; 349 N.W.2d 536 (1984) (applying
the three-year limitations period to invasion of privacy claim); *Cooper v. Team
Wellness (Mental Health) Services Supervisor,* No. 18-1162, 2018 WL 7360647, at
*2 (6th Cir. Oct. 11, 2018) ("The statute of limitations for the invasion of privacy
and fraud in Michigan is three years. Mich. Comp. Laws § 600.5805(2)"); *Mcintyre
v. Ogemaw County Bd. of Commissioners,* 15-CV-12214, 2016 WL 4917537, at *3
(E.D. Mich. Sept. 15, 2016) (applying three-year statute of limitations to common
law privacy claim).

*Halaburda v. Bauer Pub. Co., LP,* No. 12-CV-12831, 2013 WL4012827, at *6

(E.D. Mich. Aug. 6, 2013). A civil action under the prior version of the PPPA is an

action for injury to a person because it seeks to recover damages "for harm done"

to the person from the disclosure of purportedly private information.[6] Indeed, a

civil claim under the relevant version of the PPPA is specifically "for damages ***to***

***the customer*** identified in the record...disclosed in violation of this act," MCL §

445.1715, further emphasizing the personal injury nature of the claim.

Moreover, numerous courts have found that the PPPA codifies the common

law tort of invasion of privacy in the context of customers' video rental and

reading materials. *See Perlin v. Time Inc.,* 237 F. Supp. 3d 623, 641 (E.D. Mich.

2017) ("[T]he right guaranteed by the [PPPA] is ***similar in kind to other privacy***

***rights that were gradually recognized by American courts*** over the course of the

last century....") (emphasis added); *Boelter v. Advance Mag. Publishers Inc.,* 210

F. Supp. 3d 579, 590 (S.D.N.Y. 2016) (explaining that "the harms contemplated

by [the PPPA and its federal analogue] ***have close ties to those recognized by the***

***common law tort of invasion of privacy"***) (emphasis added); *Moeller v. Am.*

---

[6] *Privacy: Sales, Rentals of Videos, etc.,* Senate Fiscal Agency, Bill Analysis, H.B. No. 4694, Nov. 10, 1989, found at http://www.legislature.mi.gov/documents/1989-1990/billanalysis/Senate/pdf/1989-SFA-4694-A.pdf (noting that the provision allowing for a monetary recovery was intended to provide for "the right to collect damages for harm done when details on a person's rentals or purchases are disclosed").

*Media, Inc.,* 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017) ("Subscribers' right to privacy in their personal-reading information is grounded in an interest '***traditionally regarded as providing a basis for a lawsuit in English or American courts***.'") (citation omitted; emphasis added). *See also Ward v. Nat'l Patient Acct. Servs. Sols., Inc.,* 9 F.4th 357, 362 (6th Cir. 2021) ("Had Ward claimed…that [Defendant] improperly shared personal information with a third party…then Ward's alleged harm would more closely resemble an invasion of privacy.").

Further, Plaintiff's pleading itself recognizes that Michigan's PPPA has the same goals as the federal Video Privacy Protection Act, 18 U.S.C. § 2710, which spawned the passage of the PPPA. Compl. ¶ 17-19. Several courts have held that the Video Privacy Protection Act ("VPPA") - like Michigan's PPPA-codifies a common law right to privacy. *See, e.g., Perry v. Cable News Network, Inc.,* 854 F.3d 1336, 1340-41 (11th Cir. 2017) ("[T]he VPPA's creation of a cause of action for this type of an invasion of privacy 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'"); *Eichenberger v. ESPN, Inc.,* 876 F.3d 979, 983 (9th Cir. 2017) (the federal VPPA "codifies a context-specific extension of the *substantive* right to privacy"); *In re Vizio, Inc. Consumer Privacy Litig.,* 238 F. Supp. 3d 1204, 1216 (C.D. Cal. 2017) ("Plaintiffs' VPPA claims are even more deeply rooted in the common law. Warren and Brandeis traced the development of the tort of

invasion of privacy in part to cases involving the disclosure of information in breach of a confidential relationship."); *Yershov v. Gannet Satellite Info. Network, Inc.,* 204 F. Supp. 3d 353, 362 (D. Mass. 2016) ("[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.").

A claim for violation of the PPPA is therefore a claim for redress of a personal injury – invasion of privacy - that traditionally sounds in tort. *See, e.g., Coulter-Owens v. Time Inc.,* 695 F. App'x 117, 119 (6th Cir. 2017) (noting that plaintiff claimed "an invasion of privacy in violation of Michigan's Preservation of Personal Privacy Act"); *Moeller,* 235 F. Supp. 3d at 873 (violations of the PPPA are "invasion[s] of plaintiffs' privacy"); *Lin* 2020 WL 248445, at *2 (noting that the PPPA addressed "invasion[s] of a legally protected privacy interest"); *Halaburda,* 2013 WL 12246914, at *1 (stating that the PPPA is "a privacy right").

## C. Plaintiff Plainly Alleges "Injury to Person" and Invasion of Privacy in the Complaint.

Plaintiff's own allegations likewise demonstrate that the PPPA claim she brings is exclusively based on violation-of-privacy harms. Plaintiff repeatedly characterizes the alleged PPPA violations as invasions of her privacy. For example, she describes Jerry Baker's alleged disclosure of consumers' "Private Reading Information" as:

- a "form of surveillance." (Compl. at ¶ 13);

- a violation of the "gut feeling that people ought to be able to read books and watch films without the whole world watching."  (*Id.*, ¶ 16);

- a violation of the belief that "a person's choice in reading, music and video entertainment is a private matter." (*Id.*, ¶ 19);

- a "serious  threat" to "consumers' privacy."  (*Id.* at  ¶¶  27-29);

- raising "serious  privacy concerns." *(Id.* at ¶ 30);

- revealing customers' "most  intimate details." *(Id.* at ¶ 43); and

- "jeopardizing [Jerry Baker's] subscribers' privacy and well-being." *(Id.* at 32).

All of these purported harms are privacy-based harms rooted in traditional tort concepts providing remedies for personal injuries, and therefore are "injuries to a person" within the meaning of MCL § 600.5805(2). There is simply no way of construing Plaintiff's allegations as alleging any form of harm other than an "injury to a person." Plaintiff's claim is therefore governed by the three-year statute of limitations in MCL § 600.5805(2).

### D. The "Catch-All" Six Year Limitations Period Does Not Apply.

Consistent with the plain, unambiguous language of § 600.5805(2) that imposes a three year statute of limitations "for *all* actions to recover damages for...*injury to a person,*" other federal courts have applied § 600.5805(2)'s  three-

year limitations period to PPPA claims. *See Edwards v. Hearst Communications, Inc.,* No. 15-cv-9279, 2016 WL 6651563, at *1 (S.D.N.Y. Nov. 9, 2016) (noting that "a three-year statute of limitations admittedly governs [Plaintiff's PPPA] claims"); *Boelter v. Hearst Communications, Inc.,* 269 F. Supp. 3d 172, 187 (S.D.N.Y. 2017) (applying three-year statute of limitations to PPPA claims).

Plaintiff here will nonetheless assert, as she does in her pleading (Compl. at ¶ 1, n.1), that the PPPA is subject to the "catch all" statute of limitations in MCL § 600.5813, which states that "[a]ll *other* personal actions shall be commenced within the period of 6 years after the claims accrue..." Complaint ¶1, n.1. That is because if a three-year period applies, Plaintiff's claims are clearly time-barred. However, § 600.5813 does not apply here. The Michigan Supreme Court ruled that "Section 5805 is a more specific statute of limitations than Section 5813 and *therefore controls* if applicable to this action." *Local 1064,* 449 Mich. at 327. As discussed previously, the three-year period in Section 600.5805(2) applies to "all actions" to recover damages "for injury to a person," and the Plaintiff's PPPA claim here is an action for injury to a person.

Presumably, Plaintiff will rely on the recent district court decision in *Pratt c. KSE Sportsman Media, Inc.*, Case No. 1:2-cv-11404-TLL-PTM (E.D. Mich. Feb. 15, 2022). However, this non-binding decision is incorrect. In *Pratt*, the same plaintiff's counsel argued that cases like *National Sand,* 182 Mich. App. at 327,

*DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.,* 246 Mich. App. 43; 631 N.W.2d 59 (2001), and *Palmer Park Square, LLC v. Scottsdale Ins. Co.,* 878 F.3d 530 (6th Cir. 2017), support the argument that her claim is subject to a six-year limitations period under MCL § 600.5813 because the PPPA does not contain a specified statute of limitations, and therefore the "catch all" provision is automatically triggered. The district court in *Pratt* accepted Plaintiff's reading of *Palmer Park* and held that the six-year statute of limitations always applies to statutory causes of action unless the relevant statute contains its own specific statutory limitations period. *Pratt*, slip op. at 12.

However, the *Pratt* decision is an overly simplistic misreading of these cases. Notably, none of these cases announced a blanket rule regarding statutory claims. Indeed, all of those decisions recognized that § 5805 applies to actions for personal injuries, including traditional common law tort claims. *National Sand,* 182 Mich. App. at 333-335; *DiPonio,* 246 Mich. App. at 53-54; *Palmer Park Square,* 878 F.3d at 540. Any 'sound bites' in these cases suggesting that § 5813 applies to *any* claim brought under a statute is merely dicta-and contradicts the unambiguous language of § 5805(2) in cases, like this one, alleging injury to person.

Instead of announcing a blanket rule as the *Pratt* court erroneously held, the Sixth Circuit in *Palmer Park Square* applied the six-year limitation period to a

15

statutory cause of action-but the claim before the court was clearly not a personal injury claim; it was a claim for penalty interest on untimely-paid insurance benefits (a penalty provision contained in Chapter 20 of the Michigan Insurance Code). *Palmer Park Square,* 878 F.3d 530 at 539-40. Thus, the decision turned on the nature of the claim that was before the court in that case: a claim for statutory penalty interest, not a claim for injury to person. In fact, in ruling that the penalty-interest claim was a "personal action" for purposes of MCL § 600.5813, the Sixth Circuit observed that the term "personal action" under MCL § 600.5813 has a different meaning than the phrase "injury to persons," which triggers the three-year statute of limitations period under § MCL 600.5805. *Id.* at 540. Given that plaintiff alleges an "injury to person" with her invasion of privacy claim under § MCL 600.5805, *Palmer Park Square* is not dispositive and does not control the outcome of this case.

Similarly, *Pratt's* reliance on *DiPonio* for the creation of a blanket rule is equally misplaced. *DiPonio* ruled that the particular cause of action that was at issue in that case (violation of the Michigan Builders' Trust Fund Act, MCL § 570.151) was subject to the six-year limitation period in MCL § 600.5813. That claim did not originate in the common law and did not have anything to do with a claim for a personal injury. *See DiPonio,* 246 Mich. App. at 47-48 (the Builders' Trust Fund Act required contractors to hold payments that they received on

construction projects in a trust fund and to use those funds to pay subcontractors and suppliers first, before using the funds for any other purpose). Thus, a claim under the Act did not seek recovery for any personal injury, much less one that had a traditional common-law analogue; it sought redress for non-personal harm that was *solely* a creature of statute.

Unlike in *DiPonio,* Plaintiff's PPPA claim in this case is predicated upon a statute that codifies a common law tort and alleges an injury to a person. Thus, a claim under the PPPA alleges harm that traditionally sounds in tort; it does not seek redress for a legal injury that is created purely by statute without a common-law personal-injury analogue.

### E. There is No Blanket Rule that all Statutory Claims are Governed by the 6-Year Statute of Limitations as Plaintiff Appears to Suggest.

Despite the *Pratt* decision, there is no blanket rule that when a statutory claim does not contain a specified limitations period, the catch all  limitations period always applies. That would be inconsistent with decades of Michigan case law that applied the three-year limitations in § 600.5805(2) to statutory claims that allege injury to persons (or to property) when the statute is otherwise silent on a limitations period, particularly where the claim resembles a traditional common law tort claim. There is no reason to suspect that *Palmer Park Square* intended to adopt a rule that conflicted with Michigan Supreme Court precedent. Indeed, "on questions of state

law, this Court is bound by the rulings of the state supreme court." *In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig*., 765 F.3d 917, 937 (6th Cir. 2014).

Governed by Michigan Supreme Court precedent, Michigan courts have routinely held that statutory claims alleging an injury to person or property are governed by the three-year statute of limitations in MCL § 600.5805. For instance, in *Garg v. Macomb Cty. Cmty. Mental Health Servs.,* 472 Mich. 263, 284; 696 N.W.2d 646 (2005), the Michigan Supreme Court held that statutory employment discrimination claims and retaliation claims under § 37.2010 of the Elliott-Larsen Civil Rights Act on the basis of national origin (which have no basis in common law) are subject to the three-year statute of limitations in § MCL 600.5805. Less than a year ago, the Michigan Court of Appeals held that the three-year limitations period under MCL § 600.5805(2) applied to statutory claims under the Truth in Renting Act and the Housing Law of Michigan (which each created a statutory cause of action with no common-law analog) because those statutes protect "rights imposed upon defendant by law, as opposed to a contractually consented-to-duty." *McCree v. Cont'l Mgmt., LLC,* No. 351171, 2021 WL 1050115, at *7 (Mich. Ct. App. Mar. 18, 2021).

Other Michigan cases holding that statutory claims alleging injury to person or property are governed by the three-year limitations period include:

- Statutory nuisance claims under MCL § 600.2940(1). *See Marks v.*

18

*Hulstrom,* No. 294453, 2010 WL 2134303, at *1 (Mich. Ct. App. May 27, 2010) which applied MCL § 600.5805(2);

- Statutory wrongful death claims. *See Rhule v. Armstrong,* 384 Mich. 709; 187 N.W.2d 223 (1971) applying the three-year statute of limitations to a wrongful death claim, which is statutory cause of action that did not exist at common law because "Michigan's wrongful death act is premised upon a tort theory.";

- Statutory ethnic intimidation claims under MCL § 750.147b. *See Dabish v. McMahon,* 818 F. App'x 423 (6th Cir. 2020) holding that claims brought under Michigan's Ethnic Intimidation statute, MCL § 750.147b, which creates a statutory cause of action for personal injury or damage to property as a result of ethnic intimidation (a cause of action with no common-law equivalent) are subject to the three-year statute of limitations;

- Statutory employment discrimination claims and retaliation claims under § 37.2010 of the Elliott-Larsen Civil Rights Act. *See Major v. Vill. of Newberry*, 316 Mich. App. 527, 532; 892 N.W.2d 402 (2016) (also applying the three-year limitation period to a claim brought under the Elliot-Larsen Civil Rights Act for age and sex discrimination and retaliation); and

- Statutory conversion claims under § MCL 600.2919a. *See Lawsuit Financial, LLC v. Curry,* 261 Mich. App. 579; 683 N.W.2d 233 (2004*)* (defining both statutory conversion and common law conversion as torts alleging injury to personal property); and *Pierzchala v. MGM Grand Detroit, LLC*, No. 302874, 2013 WL 2662881 at *3 (Mich. Ct. App. June 13, 2013) applying MCL § 600.5805(2) to both statutory and common law conversion claims; [7]

In short, Michigan law is clear: actions to recover damages arising out of an injury to a person are governed by the three-year limitations in § 600.5805(2).[8] It is immaterial whether a claim is brought under a statute or a common-law cause of action; what matters is the nature of the alleged injury. A claim under the PPPA is a claim for injury to a person-period. The Michigan legislature did not double the limitations period for invasion-of-privacy claims merely by enacting the PPPA.

---

[7] There are numerous other examples. *See Rapp v. Putman,* 644 F. App'x 621, 626 (6th Cir. 2016) ("In Michigan, it is the three-year statute of limitations for personal-injury claims" that applies to civil rights claims brought under 42 U.S.C. § 1983); *Magee v. Daimler Ch1ysler Corp.,* 472 Mich. 108, 113; 693 N.W.2d 166 (2005) (same); *Bufalino v. Michigan Bell Tel. Co.,* 404 F.2d 1023 (6th Cir. 1969) (claims under the Communications Act are governed by the three-year statute of limitations); *Marshall v. Chrysler Corp.,* 378 F. Supp. 94 (E.D. Mich. 1974) (superseded by statute as stated in *Stevens v. Tenn. Valley Auth.,* 712 F.2d 1047 (6th Cir. 1983)) (finding that the three-year statute of limitations applied to a claim under the Veterans' Re-employment Rights Act because it was "essentially one to recover damages for injury to property or person.").

[8] Unless it falls within one of the specific sub-sections of § 600.5805, which no party here contends.

Plaintiff's claims are barred by § 600.5805(2) and should be dismissed.

Remarkably, Plaintiff's counsel has admitted in other earlier cases that the three-year statute of limitations applies to PPPA claims. Until it no longer served them to do so, Plaintiff's counsel here took the position, in prior PPPA suits with *identical* allegations under the pre-2016 statue as those alleged against Jerry Baker, that the PPPA was subject to a three year statute of limitations, citing § 600.5805(2).

For example, in *Markham et al. v. National Geographic Partners, LLC,* in responding to an argument by defendants that § 600.5805(2) barred Plaintiffs' PPPA claims, plaintiffs' counsel argued that § 600.5805(2)'s 3-year period was tolled without asserting that a six-year statute of limitations applied. *See Markham et al. v. National Geographic Partners, LLC,* No. 1:19-cv-00232, U.S. District Court for the Western District of Michigan, Plaintiff's Response to National Geographic Partner's LLC's Pre-Motion Conference Request, Dkt. 26 (Dec. 17, 2019). Similarly, in responding to a motion to dismiss in an earlier case on untimeliness grounds, plaintiffs' counsel unequivocally stated that "[c]laims under the [PPPA] are subject to a 'three year statute of limitations,'" and never invoked the six year limitations period. *Rentola v. Dow Jones & Co., Inc.,* No. 4:20-cv-11589-SDD-EAS, ECF No. 12 at 2 (citing *Boelter* and MCL § 600.5805(2)). And in *Boelter v. Hearst,* Plaintiffs' counsel again admitted that a three-year statute of

limitations period should be tolled. See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss and for Summary Judgment, 2017 WL 4838016, ECF No. 163 (section heading: "VII: HEARST'S ARGUMENT THAT THERE IS NO BASIS TO TOLL THE THREE-YEAR STATUTE OF LIMITATIONS IS WRONG") (emphasis added.) (Exhibit B, pleading excerpts).

The claim in this lawsuit is no less based in statute now than when the plaintiffs' counsel took the position in this Court that this statutory claim is subject to a three-year statute of limitations in the prior lawsuits. No amount of attempted manipulation of caselaw is going to change that fact. Accordingly, this Honorable Court should accept Plaintiff counsel's multiple admissions that the three-year statute of limitations applies to PPPA claims.

## II. To the Extent Plaintiff Asserts a Bare Statutory Violation, Rather Than a Claim for Personal Injury, Plaintiff Lacks Article III Standing And Dismissal Is Required Under Rule 12(b)(l).

If Plaintiff has not alleged a "personal injury" subject to the three-year statute of limitations of § 5085, then this case should be dismissed for a lack of standing under Article III.

To establish Article III standing, a plaintiff must show "that he suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2203 (2021). The injury in fact may not be "conjectural or hypothetical." *Spokeo v. Robins,* 578 U.S. 330, 339 (2016). A

plaintiff does not automatically have standing to sue simply because a statute provides for a cause of action and statutory damages; a plaintiff must still allege "a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion,* 141 S. Ct. at 2204 (citing *Spokeo,* 578 U.S. at 341). "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id.*

In *TransUnion,* the Court held that, in addition to physical and monetary harms, "intangible harms can also be concrete," citing the "disclosure of private information" as one example because it bears "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* at 2204. The Court held that allegations of violations of the Fair Credit Reporting Act established standing for those plaintiffs whose misleading credit information was disclosed to a third-party-but insufficient for those plaintiffs that failed to allege any disclosure. This is because "the harm from a misleading statement of this kind bears a sufficiently close relationship to the harm from a false and defamatory statement," which established a "concrete injury." *Id.* at 2209. Plaintiffs that did not allege such disclosure lacked Article III standing because they did not allege any injury analogous to the common-law tort injury. *Id.*

In this case, like in *TransUnion,* Plaintiff has Article III standing to assert her claim for statutory damages *only to the extent* that she alleges a personal injury

23

that is closely analogous to a common law tort injury. Thus, Plaintiff here is caught in a double-bind: either she has alleged a personal injury analogous to a traditional common-law tort claim, in which case she has standing but her claim is time-barred-or she has alleged a purely statutory injury, in which case she lacks standing to sue. Either way, this Court must dismiss this action.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests this Honorable Court to dismiss the complaint with prejudice.

Respectfully submitted,

/s/ Keefe A. Brooks
Keefe A. Brooks
Julie L. Kosovec
BROOKS WILKINS SHARKEY & TURCO PLLC
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
*Attorneys for Defendant*
brooks@bwst-law.com
P31680

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Keefe A. Brooks
BROOKS WILKINS SHARKEY & TURCO PLLC
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
brooks@bwst-law.com
P31680