## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

PATTIE DELVALLE, individual and on
behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN MASTER PRODUCTS,
INC., D/B/A JERRY BAKER,

    Defendant.

Case No. 2:21-cv-12985
Hon. Sean F. Cox

---

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Defendant American Master Products, Inc., d/b/a Jerry Baker does not oppose Plaintiff's motion for leave to file supplemental authority, which asks that this Court notice the recent decision in *Hall v Farm Journal, Inc*., d/b/a Farm Journal Media, Case No. 2:21-cv-11811-DML-APP (E.D. Mich. Apr. 5, 2022). It is always beneficial for the Court to be apprised of all information. However, *Hall* ignored decades of Michigan case law and the plain language of the statute, and therefore reached the wrong conclusion. Thus, this non-binding opinion should not be relied upon by this Court.

*Hall* entirely ignored that Michigan state courts, including the Michigan Supreme Court, routinely apply Section 5805's three-year statute of limitations to

*purely statutory claims* that have no common-law analog. If *Hall's* conclusion is correct, then decades of Michigan state court cases must have been wrongly decided. The plain language of Michigan's statutes of limitations and the cases cited by the parties can be easily reconciled—not by ignoring Michigan caselaw as *Hall* did—but by simply following the text of MCL § 600.5805(2).

*Hall* completely disregards the plain language of Michigan law, which says that "all" claims for "injuries to a person" must be brought within the statute of limitations supplied by Section 5805 ("the period of limitations is 3 years … for *all actions* to recover damages for the death of a person or *for injury to a person*…"). MCL § 600.5805(2). Plaintiff here alleges an invasion of her interest in her personal privacy, which is a quintessential personal injury. This claim in this case is much closer to claims brought under the Michigan state employment discrimination laws, the Michigan state wrongful death law, and the Michigan state ethnic intimidation statute—*all of which are governed by the 3-year statute of limitations even though they are statutory claims with no common law analog*—than it is to a claim under *any* of the cases that Plaintiffs in *Hall* relied on.[1] The Court in *Hall* inexplicably ignored this well-established Michigan precedent requiring a 3-year statute of limitations and is therefore erroneous.

---

[1] See *Garg v. Macomb Cty. Cmty. Mental Health Servs.,* 472 Mich. 263, 284; 696 N.W.2d 646 (2005); *Rhule v. Armstrong,* 384 Mich. 709; 187 N.W.2d 223 (1971); and *Dabish v. McMahon,* 818 F. App'x 423 (6th Cir. 2020).

## CONCLUSION

Although Jerry Baker does not oppose the Plaintiff's motion for leave to file supplemental authority, the supplemental authority identified by Plaintiff does not change the result in this case. The complaint should be dismissed.

Respectfully submitted,
/s/ Keefe A. Brooks
Keefe A. Brooks
Julie L. Kosovec
BROOKS WILKINS SHARKEY & TURCO PLLC
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
*Attorneys for Defendant*
brooks@bwst-law.com
P31680

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 13, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

            /s/ Keefe A. Brooks
            BROOKS WILKINS SHARKEY & TURCO PLLC
            401 S. Old Woodward, Suite 400
            Birmingham, Michigan 48009
            (248) 971-1800
            brooks@bwst-law.com
            P31680